### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)MAJOR GENERAL STANLEY G. GENEGA, USA, RET an individual, | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | Case No._____ |
| (2)ADUDDELL INDUSTRIES, INC., a corporation; (3)TIMOTHY ADUDDELL, an individual; (4)DAVID ADUDDELL, an individual; (5)RON CARTE, an individual; (6)JERRY WHITLOCK an individual; (7)THOMAS PARRISH, an individual, **Defendant.** | ) ) ) ) ) ) ) ) ) ) ) ) ) | |

### COMPLAINT

COMES NOW Plaintiff, Major General Stanley G. Genega, US Army, Retired ("Genega"), an individual, and for his causes of action against Defendants, alleges and states as follows:

1.      Upon information and belief, the relevant time period for purposes of this action is from November 20, 2006 to present.

2.      Genega, an individual residing in Milton, Massachusetts, was during the time period relevant to this action, and is currently, a shareholder of Aduddell Industries, Inc. ("Aduddell").

3.      Aduddell is a corporation duly organized and existing under and by the virtue of the laws of the State of Oklahoma with its principal office and place of business in Oklahoma County, State of Oklahoma.

4.      Defendant Timothy Aduddell ("Tim Aduddell"), a resident of the State of Oklahoma, currently serves as Aduddell's President, Chief Executive Officer, interim Chief Financial Officer, and Chairman of the Aduddell Board of Directors ("Board").  At all times relevant to this action, Tim Aduddell has been a shareholder of Aduddell and served on the Board.

5.      David Aduddell, a resident of the State of Oklahoma, is a shareholder and served on  the Board during the relevant time period.

6.      Thomas Parrish ("Parrish"), a resident of the State of Oklahoma, is a shareholder and served on the Board during the relevant time period.

7.      Ron Carte ("Carte"), a resident of the State of Oklahoma, is a shareholder and served on the Board during the relevant time period.

8.      Jerry Whitlock ("Whitlock"), a resident of the State of Oklahoma, is a shareholder and, during all times relevant to this action, served on the Board and as chairman of the Compensation Committee.

9.      Tim Aduddell, David Aduddell, Parrish, Carte and Whitlock are collectively known as "Director Defendants."

10.     Tim Aduddell, David Aduddell, Parrish, Carte, Whitlock and Aduddell are collectively known "Defendants."

## JURISDICTION AND VENUE

11.     Genega incorporates by reference the allegations set forth in paragraphs 1-10 above and further states as follows:

12.     Because Genega has stated a claim for discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

13,     Pursuant to 28 U.S.C. § 1367(a), this Court may exercise supplemental jurisdiction over the remainder of Genega's claims.

14.     Additionally, because the citizenship of the parties is diverse and Genega seeks in excess of $75,000.00, the Court may exercise jurisdiction pursuant to 28 U.S.C. § 1332.

15.     Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in the Western District of Oklahoma.

## STATEMENT OF FACTS

16.     Genega incorporates by reference the allegations set forth in paragraphs 1-15 above and further states as follows:

17.     Aduddell is a commercial roofing, concrete restoration and waterproofing business and employs approximately 200-500 employees throughout the United States.

18.     Genega filed a *Charge of Discrimination* with the Equal Employment Opportunity Commission ("EEOC") in Oklahoma City, Oklahoma on February 6, 2008.  The EEOC issued Genega a "right to sue letter" on August 29, 2008.

19.     On April 1, 2006, Genega was appointed to the Board.

20.     On June 7, 2006, Genega was elected to the Board along with the Director Defendants.

21.     During the period from June 7, 2007 through September 5, 2007, the Board consisted of Genega and the Director Defendants.

22.     Upon information and belief, during the period from September 6, 2007, to the present the Board consists of the Director Defendants.

23.     On November 20, 2006, at 9:00 a.m. in Oklahoma City, Oklahoma, Genega, attending via telephone, and Defendant Directors, attending personally, convened for Aduddell's regularly scheduled Board Meeting (the "Board Meeting").

24.     Also present at the Board Meeting were Reggie Cook, the Chief Financial Officer, and Falba Woodward, who served as secretary.

25.     During the Board Meeting, Carte submitted his resignation as Chief Executive Officer and President of Aduddell and recommended Genega as his replacement.

26.     During the Board Meeting, the Board selected Genega to replace Carte as President and Chief Executive Officer of Aduddell with supervisory authority over Tim Aduddell.

27.     During the Board Meeting, the Board agreed to employ Genega as President and Chief Executive Officer for a three (3) year term with a review after two (2) years (the "Contract").

28.     On June 12, 2007, Genega and Director Defendants were reelected to the Board by Aduddell shareholders.

## CAUSES OF ACTION

### Count I – Discrimination Prohibited Under the ADEA

29.     Genega incorporates by reference the allegations set forth in paragraphs 1-28 above and further states as follows:

30.     On September 5, 2007, Tim Aduddell, a member of the Board, terminated Genega from his position at Aduddell.  The same day, Tim Aduddell also terminated Reggie Cook from his position as Chief Financial Officer and Marian McNeil from her position as Vice President, Human Resources.

31.     The position of President and Chief Executive Officer has been filled by Tim Aduddell (date of birth 03/16/1955) and the position of Chief Financial Officer was filled by Josh Brock (date of birth 02/28/1983).

32.      Josh Brock resigned from his position as Chief Financial Officer on March 21, 2008.  Upon information and belief, Tim Aduddell currently serves as interim Chief Financial Officer.

33.     Genega was born on April 12, 1943, and was 64 years old the time of the termination of his employment from Aduddell.  Reggie Cook was 54 years old at the time of his termination.  Marian McNeill was 52 years old at the time of her termination.

34.     During Genega's employment with Aduddell he was never disciplined or informed that his performance required improvements.

35.     Defendants terminated Genega due to his age.

36.     Genega prays for judgment against Defendants, an award of actual damages for lost wages and benefits; liquidated damages in an amount equal to two times actual damages; exemplary damages for willful conduct; attorneys' fees; and such other relief both legal and equitable, as the Court deems appropriate.

## Count II– Discrimination Prohibited Under the ADEA

37.     Genega incorporates by reference the allegations set forth in paragraphs 1-36 above and further states as follows:

38.     Pleading further stated and in the alternative, on September 5, 2007, Tim Aduddell, a member of the Board, terminated Genega, Reggie Cook, and Marian McNeil, all of whom were over the age of 40, from their employment with Aduddell.

39.     Although facially neutral, Tim Aduddell's termination of Genega, Reggie Cook, and Marian McNeil disparately impacted on those employees over the age of 40, and caused the exclusion of those employees from employment based solely on age.

40.     Genega prays for judgment against Defendants, an award of actual damages for lost wages and benefits; liquidated damages in an amount equal to two times actual damages; exemplary damages for willful conduct; attorneys' fees; and such other relief both legal and equitable, as the Court deems appropriate.

## Count III – Breach of Contract

41.     Genega incorporates by reference the allegations set forth in paragraphs 1-40 above and further states:

42.     Pleading further and stated in the alternative, Defendants entered into the Contract with Genega and breached the Contract by terminating Genega.

43.     During the Board Meeting, the Board offered Genega the Contract which included a specific salary and benefits.  Additionally, the Board determined and agreed that the Contract's effective date was November 20, 2006, and that Tim Aduddell would report to Genega.

44.     The Contract's terms are memorialized in the Board's Meeting Minutes which were approved at the Board's first meeting after November 20, 2006.

45.     During the course of the Board Meeting, Genega accepted the Contract and began performing the Contract immediately following the Board meeting.

46.     Genega performed his duties of employment for Aduddell and received his compensation pursuant to the Contract until his termination on September 5, 2007.

47.     The Defendant Directors met on or about September 5, 2007, without providing proper notice to all Directors pursuant to the Bylaws of Aduddell Industries, Inc. ("Bylaws") and in violation of the Oklahoma General Corporations Act, Okla. Stat. tit. 18, § 1001, et seq.. During the course of the improper and unlawful meeting, the Board approved the termination of Genega's Contract.

48.     On September 5, 2007, Tim Aduddell terminated Genega's employment and Board membership without cause and, in violation of the Bylaws, without the prior lawful approval or a lawful vote of the Board or the shareholders.

49.     Defendant Directors ratified, adopted and subsequently approved Genega's termination in violation of the Bylaws and the Oklahoma General Corporations Act, Okla. Stat. tit. 18, § 1001, et seq..

50.     Defendants' termination of Genega's employment prior to the expiration of the Contract's three year term constitutes a material breach of the Contract.

51.     As a direct and foreseeable result of Defendants' material breach of the Contract, Genega was deprived of the full benefit of his contractual arrangement, and has suffered damages in excess of $75,000.

## Count IV - Breach of Implied Contract

52.     Genega incorporates by reference the allegations set forth in paragraphs 1-51 above and further states:

53.     Pleading further and in the alternative, the parties' actions during the Board Meeting constituted an implied contract for employment with Genega which Defendants breached on September 5, 2007.

54.     During the Board Meeting, the Board approved the Contract, and determined and agreed on a salary and benefits.

55.     Furthermore, the Board agreed that Genega's employment Contract would be effective as of November 20, 2006.

56.     The terms of the Contract are memorialized in the Corporation's Board of Directors Meeting minutes which were approved at the Board's first meeting after November 20, 2006.

57.     During the course of the Board Meeting, Genega accepted the Contract and began performing the Contract immediately following the Board meeting.

58.     Before, during and after Genega's employment, Whitlock stated and Defendant Directors confirmed, that Genega's employment relationship was contractual in nature.

59.     Genega performed his duties of employment for the Corporation and received his compensation pursuant to the Contract until his termination on September 5, 2007.

60.     The Defendant Directors met on or about September 5, 2007, without providing proper notice to all Directors pursuant to the Bylaws and in violation of the Oklahoma General Corporations Act, Okla. Stat. tit. 18, § 1001, et seq..   During the course of the improper and unlawful meeting, the Board approved the termination of Genega's Contract.

62.     On September 5, 2007, Tim Aduddell terminated Genega's employment and Board membership without cause and, in violation of the Bylaws, without the prior lawful approval or a lawful vote of the Board or the shareholders.

63.     Defendant Directors ratified, adopted and subsequently approved Genega's termination in violation of the Bylaws and the Oklahoma General Corporations Act, Okla. Stat. tit. 18, § 1001, et seq..

64.     Defendants' termination of Genega's employment prior to the expiration of the Contract's three year term constitutes a material breach of the Contract.

65.     As a direct and foreseeable result of Defendants' material breach of the implied contract, Genega was deprived of the full benefit of his contractual arrangement, and has suffered damages in excess of $75,000.

### Count V – Action to Enforce Contract

66.     Genega incorporates by reference the allegations set forth in paragraphs 1-65 above and further states:

67.     To the extent that Oklahoma law required the Contract to be in writing, Defendants fraudulently prevented the reduction of the Contract to writing.

68.     As a result of Defendant's fraud, Genega believed that the Contract was in writing and began performing pursuant to the Contract on November 20, 2006 to his prejudice.

69.     Before, during and after Genega's employment, Whitlock stated and Defendant Directors confirmed that Genega's employment relationship was contractual in nature.

70.     In direct contravention of the terms of the Contract, Defendants terminated Genega well before the expiration of the Contract's term.

71.     Pursuant to Okla. Stat. tit. 15, § 135, Genega seeks to enforce the Contract against Defendants.  As a result, Genega is entitled to reinstatement to his former position, or, in the alternative, to damages in an amount equal to the salary and benefits of which he has been deprived by the fraudulent actions of Defendants which exceed $75,000.00.

## Count VI– Fraud

72.     Genega incorporates by reference the allegations set forth in paragraphs 1-71 above and further states:

73.     Pleading further stated and in the alternative, Defendants fraudulently induced Genega to enter into the Contract for employment and/or an employment relationship.

74.     Defendants made untrue representations of fact and/or omissions to induce and cause Genega to enter into the Contract and/or employment relationship.

75.     Those written and oral statements and/or omissions were false when made and were made with knowledge of their falsity or with reckless disregard of their falsity.

76.     Defendants repeatedly made the statements and/or omissions with the intent that Genega would rely on such statements.

77.     Genega reasonably relied upon those statements and/or omissions to his detriment by accepting the Contract and entering into an employment relationship with Defendants.

78.     Defendants, specifically Whitlock, were adamant in requiring a commitment for employment from Genega and in describing the employment arrangement as a contractual relationship.

79.     As a direct and proximate result of Defendants' false representations and/or omissions, Genega has suffered actual damages in excess of $75,000.00.  Moreover, because Defendants' conduct was fraudulent and/or malicious, Genega is entitled to recover exemplary damages in an amount to be determined by the trier of fact.

## Count VII – Constructive Fraud

80.    Genega incorporates by reference the allegations set forth in paragraphs 1-79 above and further states:

81.    Pleading further and in the alternative, Defendants had a legal and equitable duty to disclose material facts to Genega with regard to his employment.

82.    Defendants failed to disclose such material facts.

83.    Genega relied on the Defendants' false representations and/or non-disclosures.

84.    Defendants knew that Genega did, or would, rely on the non-disclosures and misrepresentations.

85.    Defendant Directors met, on or about September 5, 2007, without providing proper notice to all Directors pursuant to the Bylaws and in violation of the Oklahoma General Corporations Act, Okla. Stat. tit. 18, § 1001 et seq..  During the course of the improper and unlawful meeting, Defendant Directors approved the termination of Genega's employment contract depriving him of the benefits of his employment contract.

86.    As a result of his justified reliance on Defendants' non-disclosures and misrepresentation, Genega has suffered damages in excess of $75,000.00.

## Count VIII –  Negligent Misrepresentation

87.    Genega incorporates by reference the allegations set forth in paragraphs 1-86 above and further states:

88.    Pleading further and in the alternative, Defendants, in the course of their employment and business relationship with Genega, supplied false information to Genega as both an employee and a Director.

89.     Defendants did not exercise reasonable care in communicating this information to Genega.

90.     Genega reasonably relied on these misrepresentations to his detriment.

91.     Defendants represent to Genega that he had a three (3) year employment agreement that began on November 20, 2006.

92.     On multiple occasions, Defendants represented to Genega that an employment agreement existed before and after his termination of employment.

93.     Nonetheless, Tim Aduddell terminated Genega on September 5, 2007.

94.     Tim Aduddell confirmed the terms of the Contract in a letter to Genega dated September 27, 2007.

95.     Defendants' statements and actions led Genega to believe that the Contract was an enforceable written contract.

96.     Without proper notification and in violation of the Bylaws, Defendants removed Genega from his position on the Board.

97.     Defendants and the Corporation failed to disclose material information to Genega with regard to his employment contract and position on the Board.

98.     As a direct and foreseeable result of Defendant's negligent misrepresentations and/or omissions of material fact, Genega has suffered actual damages in excess of $75,000.

### Count IX – Breach of Implied Covenant of Good Faith and Fair Dealing

99.     Genega incorporates by reference the allegations set forth in paragraphs 1-98 above and further states:

100.    Pleading further stated and in the alternative, implied in the Contract is a covenant of good faith and fair dealings.

101.    Defendant Directors met, on or about September 5, 2007, without providing proper notice to all Directors pursuant to the Bylaws and in violation of the Oklahoma General Corporations Act, Okla. Stat. tit. 18, § 1001 et seq..  During the course of the improper and unlawful meeting, Defendant Directors approved the termination of Genega's employment contract.

102.    On September 5, 2007, Tim Aduddell terminated Genega's employment and Board membership without cause and, in violation of the Bylaws and the Oklahoma General Corporation Act, Okla. Stat. tit. 18, § 1001 et seq., without the prior approval or a vote of the Board.

103.    Defendants ratified, adopted and subsequently approved Genega's termination which violated the Bylaws.

104.    Tim Aduddell's termination of the Contract without lawful or proper Board approval and Defendant Directors' adoption of Tim Aduddell's actions constitutes a breach of covenant of good faith and fair dealing.

105.    As a direct and foreseeable result of the Defendants' breach of covenant of good faith and fair dealing, Genega has suffered damages in excess of $75,000.   Moreover, Defendants' breach of the covenant of good faith and fair dealing entitles Genega to the recovery of exemplary damages in an amount to be determined by the trier of fact.

### <u>Count X – Wrongful Removal as Director</u>

106.    Genega incorporates by reference the allegations set forth in paragraphs 1-105 above and further states:

107.    Pleading further stated and in the alternative, pursuant to Okla. Stat. tit. 18, § 1070, this Court is empowered to "determine the validity of . . . any removal . . . of any director .

. . or officer of any corporation, and the right of any person to hold, or continue to hold such office . . . ."

108.    Pursuant to Okla. Stat. tit. 18, § 1027(H)(1),  "[a]ny director . . . may be removed, with or without cause, by the holders of a majority of the shares then entitled to vote at an election of directors."

109.    For the quarter ending June 30, 2007, Aduddell reported to the Securities and Exchange Commission ("§"), that Defendant Directors and Genega were reelected to the Board for a one (1) year term at the annual shareholders meeting on June 12, 2007.

110.    Aduddell further reported to the SEC that no votes were submitted to shareholders for a vote during the quarter ending on September 30, 2007.

111.    On September 5, 2007, Tim Aduddell removed Genega from the Board without a notice of shareholders meeting, a formal meeting or vote of the shareholders.

112.    Tim Aduddell's removal of Genega from the Board without a formal vote or written consent by Aduddell shareholders violated the Bylaws and § 1027(H)(1).

113.    Invoking § 1070, Genega respectfully requests that this Court determine the validity of his removal as a Director of Aduddell's Board, and, if it finds that his removal was wrongful, to award such equitable relief and/or damages, compensatory and exemplary, as are necessary to compensate Genega for the Board's wrongful actions.

## Count XI – Breach of Fiduciary Duty to Corporation and Shareholders

114.    Genega incorporates by reference the allegations set forth in paragraphs 1-113 above and further states:

115.    Pleading further and in the alternative, Genega is a shareholder of Aduddell.

14

116.     By virtue of their positions as officers and members of the Board, a relationship of special trust and confidence existed between the Director Defendants and Aduddell and its shareholders which gave rise to fiduciary obligations.

116.     Defendant Directors breached their fiduciary duties including but not limited to, the duties of good faith, loyalty and care to Aduddell and to its shareholders.

117.     At all times during 2007 to present, the Board was duty-bound to ensure that Aduddell's officers and Directors complied with Oklahoma and Federal law, made and published true, accurate and full accounts and statements of the affairs of Aduddell, and faithfully and diligently performed all other duties devolving upon them.

118.     Defendant Directors did not perform their duties with respect to the matters set forth, as they caused and/or approved of the acts by Tim Aduddell which violated the Oklahoma General Corporations Act, Okla. Stat. tit. 18, § 1001 et seq..

119.     Defendant Directors failed to disclose to the SEC the true nature of Genega's employment agreement and/or his termination by Tim Aduddell.

120.     Defendant Directors have misrepresented to the SEC that Genega resigned from his employment, when in fact he was terminated.

121.     Defendants cannot eliminate or limit liability for breaches of a duty of loyalty pursuant to Okla. Stat. tit. 18, § 1006.

122.     Defendant Directors acted in their own self-interest by disregarding the interest of shareholders and Aduddell by blatantly disregarding the Bylaws and Oklahoma General Corporations Act, Okla. Stat. tit. 18, § 1001 et seq.,

123.     Moreover, Defendant Directors have a duty to not engage in any transaction from which they derive any improper benefit.

124.    Defendant Directors' actions have exposed both Aduddell and its shareholders to potential action by the SEC and to potential civil liability to Genega.

125.    Addressing the complaints to the Board would be futile given that Aduddell's decision-makers are all named Defendants to this action.

126.    As a result of each Defendant Director's breach of fiduciary duty, Genega, in his capacity as a shareholder, and on behalf of Aduddell, is entitled to judgment against each Director for actual damages in an amount in excess of $75,000 and to an award of exemplary damages in an amount to be determined by the trier of fact.

## Count XII – Public Policy Tort

127.    Genega incorporates by reference the allegations set forth in paragraphs 1-126 and further states:

128.    Pleading further and in the alternative, Defendants wrongfully terminated Genega in violation of the clearly articulated public policy of the State of Oklahoma which prohibits employers from discriminating against employees on the basis of age.

129.    As a result of Defendants' wrongful termination, Genega is entitled to actual and punitive damages in excess of $75,000.

## Count XIII – Civil Conspiracy

130.    Genega incorporates by reference the allegations set forth in paragraphs 1-129 above and further states:

131.    Pleading further and in the alternative, Defendants number in excess of two individuals.

132.    Defendants combined to accomplish an unlawful purpose or a lawful purpose by unlawful means.  As more fully described above, Defendant Directors combined to terminate

16

Genega from his employment, and his position as a Director by fraud, constructive fraud, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and by violation of Oklahoma public policy.

133.    Defendants had a meeting of the minds on the object or course of action.

134.    Genega has suffered an injury as a direct and proximate result of Defendants' civil conspiracy to commit various torts against him for which Defendants are jointly and severally liable.

135.    Genega is entitled to monetary damages in excess of $75,00.00 and because Defendants' conduct was fraudulent and/or malicious, Genega is entitled to recover punitive damages in an amount to be determined by the trier of fact.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, General Stanley G. Genega, prays for judgment against Defendants, as follows:

A.    That Defendants be required to pay actual damages in the amount in excess of $75,00.00 for all causes of action set forth above.

B.    That Defendants be required to pay liquidated damages equal to two times the amount of actual damages pursuant to the ADEA.

C.    That Defendants be required to pay attorneys' fees pursuant to the ADEA.

D.    That Defendants be required to pay all consequential damages pursuant for all causes of action set forth above.

E.   That Defendants be required to pay prejudgment interest, post judgment interest, reasonable attorneys' fees, punitive damages, reasonable costs and such other relief, both legal and equitable, as the Court deems appropriate.

Respectfully Submitted,


s/Byrona J. Maule
Byrona J. Maule, OBA # 16159
Catherine L. Campbell, OBA # 14689
Lauren L. Symcox, OBA # 21902
PHILLIPS, McFALL, McCAFFREY,
  McVAY & MURRAH, P.C.
Corporate Tower, Thirteenth Floor
101 North Robinson
Oklahoma City, Oklahoma  73102
Telephone:     405-235-4100
Facsimile: 405-235-4133

*Attorneys for Plaintiff*


*JURY TRIAL DEMANDED*